IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE XPO LOGISTICS, INC. DERIVATIVE LITIGATION | Civil Action No. 19-889-RGA |

MEMORANDUM ORDER

Plaintiffs have submitted a motion for leave to file a first amended consolidated complaint and to stay Defendants' motions to dismiss. (D.I. 37).[1] Defendants oppose the motion. (D.I. 39, 40, 42). With the filing of reply briefs (D.I. 44, 45), the motion to amend is now fully briefed.

This shareholder derivative case arises out of alleged misconduct by directors and officers of XPO Logistics, Inc. On December 14, 2018, an XPO stockholder commenced a separate class action suit alleging securities fraud against XPO and certain of its officers and directors, captioned *Labul v. XPO Logistics, Inc.*, No. 3:18-cv-2062 (D. Conn.). Plaintiffs in this case filed their initial complaint, the *Jez* complaint, on May 13, 2019. (D.I. 1). The *Jez* complaint borrowed substantially from *Labul*, echoing *Labul*'s allegations that XPO and certain of its officers committed securities fraud based upon the same accounting irregularities alleged in that case. Both *Labul* and *Jez* relied for their substantive allegations on a report by Spruce Point Capital Management ("the Spruce Report").

Plaintiff Candler filed her shareholder derivative complaint on May 24, 2019, with nearly identical allegations to the *Jez* complaint. *See Candler v. Jacobs*, No. 19-cv-00959-RGA (D. Del.) (*Candler* D.I. 1). On June 14, 2019, the *Jez* and *Candler* actions were consolidated.

---

[1] Citations are to the docket in the *Jez* case, No. 19-899, unless otherwise indicated.

1

(D.I. 6). I designated Phillip Kim of The Rosen Law Firm, P.A. and Timothy Brown of The Brown Law Firm, P.C. as Co-Lead Counsel.² (*Id*. at 4). In June 2019, in the parallel *Labul* securities action, the *Labul* plaintiffs abandoned their allegations that were premised upon the Spruce Report in an amended complaint, asserting instead a theory based upon a decline in business from XPO's largest customer, Amazon. (*Labul* D.I. 102). Following this, on September 27, 2019, Plaintiffs in this case filed a consolidated amended complaint, also focusing on the theories in the amended *Labul* complaint. (D.I. 14). Plaintiff Rose filed another derivative complaint containing substantially similar allegations on the same day. *See Rose v. Jacobs*, No. 19-cv-01815-RGA (D. Del.) (*Rose* D.I. 1). The *Rose* action was subsequently consolidated into this action. I did not alter the leadership structure of Plaintiffs.  (D.I. 23).

In November 2019, *Labul*'s complaint was dismissed with leave to file an amended complaint. (*Labul* D.I. 132). On December 12, 2019, I afforded Plaintiffs in this case forty-five days to file an amended complaint or designate one of the four existing complaints as operative. (D.I. 23). The *Labul* plaintiffs filed their amended complaint on January 3, 2020. (*Labul* D.I. 134). On January 27, 2020, in response to my consolidation order, Plaintiffs in this case designated the initial *Jez* complaint (D.I. 1) as operative. (D.I. 24).

On March 4, 2020, one week after Defendants moved to dismiss that complaint (D.I. 29-35), Plaintiffs' counsel notified Defendants' counsel that they had "inadvertently designated the wrong complaint." (D.I. 38-3). Plaintiffs maintain that they made a mistake in designating the initial *Jez* complaint as the operative complaint. (D.I. 37 at 4).

---

² This designation was made on the implied representation that the firms were experienced and competent in representing plaintiffs in this sort of case. I say "implied" because the relevant stipulation states that the firms' resumes are attached, but they are not. (D.I. 5-1). I have seen both firms in many similar cases, so I do not doubt their experience.

Plaintiffs say their first mistake was in designating the original complaint, and not one of those from September 2019, which included additional allegations[3] based on the consolidated complaint filed in the securities action. (D.I. 44 at 1). Jez and Candler's amended complaint and Rose's initial complaint, both filed on September 27, 2019, "superseded" the initial complaint to reflect the new allegations from the June 3, 2019 amended complaint filed in the securities class action. (D.I. 37 at 2). Plaintiffs say that their second mistake was not choosing to file an amended complaint that would supplement the allegations in their September complaints with allegations made in the *Labul* amended complaint. (D.I. 44 at 1). Plaintiffs have submitted a proposed amended complaint of eighty-five pages which includes allegations of the same nature as those in the September complaints and allegations that were in the *Labul* amended complaint. (D.I. 38-1).

Defendants reject Plaintiffs' claim of mistake as implausible. (D.I. 40 at 2).[4] They claim that a more likely explanation for Plaintiffs' designation of the *Jez* complaint is that Plaintiffs, in reaction to the dismissal of the parallel securities class action from which Plaintiffs had borrowed their allegations set forth in the September complaints, changed course and attempted to revive their previously abandoned theories by deliberately designating the original complaint as their operative pleading. (*Id.* at 11). They argue that once Defendants' motions to dismiss revealed issues with that complaint, Plaintiffs decided to change course, again. (*Id.*).

---

[3] The consolidated amended complaint is seventy-three pages long. (D.I. 14). The Rose complaint is 103 pages long. (*Ro*se D.I. 1).

[4] Defendants' view was succinctly expressed in an email. "Your suggestion that plaintiffs—represented by 11 attorneys at 6 firms—did so in error is difficult to believe." (D.I. 38-4 at 4). I am not convinced of the logic, however. I note that there is a reason for proverbs such as, "Too many cooks spoil the broth." Further, I note that having two co-leaders is not generally considered the optimum way to run an organization.

Under Federal Rule of Civil Procedure 15(a), leave to amend is "freely given when justice so requires," limited by "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is within the discretion of the trial court. *See id.*

While leave to amend is not "automatic," and the circumstances of the issue now before me show an embarrassing carelessness on the part of Plaintiffs' lawyers, I do not find that amendment would be prejudicial to Defendants nor that the movant has acted in bad faith or with dilatory motives. *See id.*; *Arunachalam v. Int'l Bus. Machines Corp.*, 243 F. Supp. 3d 526, 530 (D. Del. 2017). Plaintiffs have stated that they designated the original complaint filed by Plaintiff *Jez* in error instead of filing an amended complaint, and Defendants have provided no evidence to the contrary. Without a compelling reason to do otherwise, I do not doubt the integrity of Plaintiffs' counsel. I accept Plaintiffs' counsel at their word.

Defendants claim to have been prejudiced because they expended "significant resources" responding to the *Jez* complaint. (D.I. 40 at 3). "Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton v. Nat'l Coll. Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Prejudice to the non-moving party is the "touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). "Delay alone is not sufficient to justify denial of leave to amend." *Id*.

The fact that Defendants have spent time and money on the pending motion to dismiss—while regrettable and directly attributable to the sloppy lawyering on the part of Plaintiffs' counsel–does not show prejudice. *See id*.; *see also Cureton*, 252 F.3d at 273 ("[T]he question of

4

undue delay requires that we focus on the movant's reasons for not amending sooner."). An amended complaint will not significantly postpone resolution of this action and Defendants have not been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Bechtel v. Robinson*, 886 F.3d 644, 652 (3d Cir. 1989). While it is regrettable that Defendants expended energy and resources in responding to the mis-designated *Jez* complaint, given that I do not find undue prejudice, I will not condition amendment on Plaintiffs reimbursing Defendants for attorneys' fees, expenses, and costs incurred in connection with Defendants' motion to dismiss.[5]

Defendants also argue that amendment should be denied as futile. According to Defendants, Plaintiffs fail to cure "threshold defects" that were present in the *Jez* complaint, including Plaintiffs' failure to make a demand on the XPO Board before commencing their litigation or plead any facts that the demand requirement is excused. (D.I. 40 at 15). I will not reach any such issues with Plaintiffs' proposed amended complaint here in Plaintiffs' motion to amend. Defendants' concerns are properly addressed in a motion to dismiss.

---

[5] Defendants cite three cases in support of their request that the Court impose costs on Plaintiffs: *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995); *Hayden v. Feldman*, 159 F.R.D. 452, 455 (S.D.N.Y. 1995); and *Leased Optical Dep'ts-Montgomery Ward, Inc. v. Opti-Centre, Inc.*, 120 F.R.D. 476, 480-82 (D.N.J. 1988). These cases arise in sufficiently different contexts so that their only help is to demonstrate that I have the power to set financial conditions in connection with permitting amendment. The main argument made in support of one of the motions to dismiss is that demand was not excused. (D.I. 30). It appears that argument will be recycled for use in opposition to the proposed amended complaint. (D.I. 40 at 15-16). Thus, how much unnecessary work Defendants have done would be difficult to figure out at this time. I am empowered to exercise my discretion based on the specific facts of the case before me, in which Plaintiffs' counsel has confessed to having made a mistake and in which I do not find undue prejudice to Defendants. I do not think under these circumstances I should shift costs. But, to be clear, I do not mean to foreclose Defendants from raising this issue again at some later time should it then become relevant to do so.

I recognize Defendants' frustration in working to prepare responses to Plaintiffs' complaint that will now be rendered moot. Rule 15(a) and Third Circuit guidance, however, instruct me to grant leave liberally. Here, I believe the interests of justice are best served by granting Plaintiffs leave to amend their complaint.

For the foregoing reasons, Plaintiffs' motion (D.I. 37) is GRANTED**.** Defendants' motions to dismiss (D.I. 29, 32, 34) are DISMISSED as moot.

Entered this 6th day of July, 2020.

　　/s/ Richard G. Andrews　　
United States District Judge