IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE XPO LOGISTICS, INC. DERIVATIVE LITIGATION | Civil Action No. 1:19-cv-00889-RGA |

**STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS**

Plaintiffs, Nominal Defendant XPO Logistics, Inc. ("XPO"), and Individual Defendants Bradley S. Jacobs, John J. Hardig, Gena L. Ashe, AnnaMaria DeSalva, Michael G. Jesselson, Adrian P. Kingshott, Jason D. Papastavrou, and Oren G. Shaffer (collectively, the "Individual Defendants," and together with XPO, the "Defendants"), by and through their undersigned counsel, hereby submit this Stipulation and [Proposed] Order to stay this putative consolidated shareholder derivative action (the "Derivative Action") in light of the following:

WHEREAS, on March 27, 2020, Plaintiffs filed a Motion for Leave to File a First Amended Consolidated Complaint and to Stay Briefing on Motions to Dismiss (D.I. 37, the "Motion for Leave");

WHEREAS, on July 6, 2020, the Court entered a Memorandum Order granting Plaintiffs' Motion for Leave (D.I. 46);

WHEREAS, on July 9, 2020, Plaintiffs filed the First Amended Consolidated Shareholder Derivative Complaint (D.I. 47, the "First Amended Consolidated Complaint"), which purports to assert derivative claims on behalf of Nominal Defendant XPO against the Individual Defendants for alleged breaches of their fiduciary duties as directors and/or officers of XPO, unjust enrichment, waste of corporate assets, and violation of Sections 14(a), 10(b) and 20(a) of the Securities Exchange Act of 1934;

WHEREAS, Plaintiffs' First Amended Consolidated Complaint does not assert claims against Louis DeJoy or Scott B. Malat, who had been named as defendants in certain prior complaints filed in this Derivative Action;

WHEREAS, as stated in Plaintiffs' Motion for Leave, this Derivative Action is related to a class action alleging securities fraud against XPO and its chief executive officer, captioned *Labul* v. *XPO Logistics, Inc.*, No. 3:18-cv-2062 (D. Conn.) (the "Securities Class Action"), and the allegations in the First Amended Consolidated Complaint are based on facts that are substantially similar to the facts on which the allegations in the operative complaint filed in the Securities Class Action on January 3, 2020 are based;

WHEREAS, the defendants in the Securities Class Action have moved to dismiss the operative complaint in that action, their motion to dismiss was fully briefed as of June 18, 2020, and oral argument on their motion to dismiss was held on June 30, 2020; and

WHEREAS, in light of the similarities among the allegations in the Derivative Action and the allegations in the Securities Class Action, and to conserve party and judicial resources, the parties have reached an agreement that, subject to the approval of the Court, all proceedings and deadlines in the Derivative Action shall be stayed pending resolution of the Securities Class Action, whether by dismissal with prejudice or entry of final judgment;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendants, by and through their undersigned counsel and subject to the approval of the Court, as follows:

1. Louis DeJoy and Scott B. Malat are hereby dismissed from this Derivative Action.

2. All proceedings shall be stayed, including any responses to or motions to dismiss the First Amended Consolidated Complaint or any amended complaint, and all deadlines deferred, pending resolution of the Securities Class Action, whether by dismissal with prejudice or entry of final judgment.

3. Defendants shall promptly notify Plaintiffs of any related derivative action or threatened derivative action.

4. Defendants shall promptly notify Plaintiffs if a related derivative action is not stayed for a similar or longer duration.

5. Defendants shall include Plaintiffs in any mediation and in any formal settlement talks between the parties in the Securities Class Action, any related derivative actions, or any related threatened derivative actions (including books and records demands).

6. Defendants shall promptly produce to Plaintiffs any documents produced, written discovery, and deposition transcripts in the Securities Class Action or any related derivative actions or threatened derivative actions (including books and records demands), subject to the parties entering into an appropriate protective order.

7. The First Amended Consolidated Complaint or the operative amended complaint may be amended during the pendency of the stay, but Defendants shall not respond to any amended complaint during the pendency of the stay.

8. The parties shall jointly file a status update in this Derivative Action 180 days from entry of this Order, and every 180 days thereafter, until the stay is lifted or the Securities Class Action is resolved.

9. Any party may cause the stay to be lifted upon 30 days' written notice to the other parties' undersigned counsel, 10 days after which point the parties shall meet and confer

about the timing of Defendants' response to the First Amended Consolidated Complaint or any amended complaint and any motions to dismiss and file a joint stipulation proposing deadlines for any amended complaint or those motions or, if the parties are unable to reach agreement, setting forth their respective positions on timing. For the avoidance of doubt, the provisions of this paragraph allowing any party to cause the stay to be lifted are without prejudice to any other party's ability to seek relief from the Court further staying this Derivative Action.

10. The parties shall meet and confer within fourteen (14) days of the resolution of the Securities Class Action regarding next steps in the Derivative Action and submit a joint status report to the Court thereafter.

11. Defendants shall not move to stay this Derivative Action in deference to any other derivative action.

12. By entering into this Stipulation, the parties' rights shall not be prejudiced in any way and Defendants do not waive and expressly reserve the right to assert any defenses that they or any of them may have.

| | |
|---|---|
| **FARNAN LLP** | **PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP** |
| By: /s/ Brian E. Farnan | By: /s/ Daniel A. Mason |
| Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com | Daniel A. Mason (#5206)<br>500 Delaware Avenue, Suite 200<br>Post Office Box 32<br>Wilmington, DE 19899-0032<br>(302) 655-4410<br>dmason@paulweiss.com |
| *Liaison Counsel for Plaintiffs* | *Attorneys for Defendants Bradley S. Jacobs, Gena L. Ashe, AnnaMaria DeSalva, Michael G. Jesselson, Adrian P. Kingshott, Jason D. Papastavrou, and Oren G. Shaffer, and Nominal Defendant XPO Logistics, Inc.* |

**WILKS LAW, LLC**

By: /s/ Scott B. Czerwonka

Scott B. Czerwonka
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
(302) 230-5154
sczerwonka@wilks.law

*Attorney for Defendant John J. Hardig*

**WOMBLE BOND DICKINSON LLP**

By: /s/ Kevin J. Mangan

Kevin J. Mangan
1313 North Market Street, Suite 1200
Wilmington, DE 19801
(302) 252-4361
kevin.mangan@wbd-us.com

*Attorney for Defendant Louis DeJoy*

Dated: Wilmington, Delaware
       July 14, 2020

IT IS SO ORDERED this \_\_\_\_\_ day of _____ 2020.

_____
Richard G. Andrews, U.S.D.J.